UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODI L. CRANE,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF DUNSMUIR, et al.,<br><br>    Defendants. | Case No.  20-cv-07010-JSC<br><br>**SECTION 1915 SCREENING OF COMPLAINT** |

Plaintiff Jodi Crane brings this civil rights action against the City of Dunsmuir and various city officials. (Dkt. No. 1.) Having granted Ms. Crane's application to proceed in forma pauperis, (*see* Dkt. No. 4), the Court now screens the complaint pursuant to 28 U.S.C. § 1915 and concludes that the complaint is deficient for the reasons stated below.

## COMPLAINT ALLEGATIONS

The facts and allegations of the complaint are difficult to discern. It was prepared using the form "Complaint for Violations of Civil Rights," but it does not specify what rights Ms. Crane alleges were violated by the City of Dunsmuir, City Manager Todd Juhasz, Fire Chief Daniel Padilla, and Mayor Jiliana Lucchessi. Instead, under the section regarding which right(s) were violated Ms. Crane alleges: "THE RIGHT TO RUN A BUISSNESS [sic] WITHOUT CURRUPTION [sic], DEFLAMATION[sic] OR ABUSE FROM OFFICAILS<SLANDER [sic], COWERSION [sic] BEETWEEN [sic] POWERS." (Dkt. No. 1 at 3.[1]) Elsewhere, Ms. Crane alleges:

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

> city manager purposely kept plantiffs buissness from recieving building inspection,to keep her closed,lied to nieghboring city hall putting address of plantiffs bussiness not acseptable for inspection,not letting plantiff renew license premedatted, renewell to falseify revooked license,for reason of claiming no building inspection,refuseing permits claiming an deeming building danger without licensed or any building inspection within hour of hosstile meeting.
>
> THEY ALL COINSIDED TO KEEP BUISSNESS CLOSED ON FALSEIFYING AN PREMEDATTATING,ACTS THAT ARE NOT DANGERS <OR REVOKED,or COMPLAINTS ALL WITH BAIS AN MORAL TORPITUDE TO RUIN A BUISSNESS

(*Id*. at 4.) In the statement of facts, Ms. Crane alleges that her "CLOTHING STORE WAS DEEMED A DANGER IN HOUR WITHOUT ANY BUILDING INSPECTION," that her license was "REVOKED," and "HE REFUSED ME RENNEWL [sic] OF LICENSE BAN SENT MONEY BACK." (*Id.*) Ms. Crane also alleges that she was told she would be taken to jail if she entered her own building, that it was "ALL ILLEGALLY DONE NO PROCEDURE NO DUE PROCESSKEEPING [sic] ME OUT OF LEASED PROPERTY." *Id*.

## LEGAL STANDARD

The Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis upon a determination that the case is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The standard of review under 28 U.S.C. § 1915(e)(2) mirrors that of Rule 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). Thus, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). To avoid dismissal, a complaint must contain more than "naked assertion[s]," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When a plaintiff files a complaint without being represented by a lawyer, the court must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v.*

2

*Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotation marks and citation omitted). Upon dismissal, self-represented plaintiffs proceeding in forma pauperis must be given leave "to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984) (internal quotation marks and citation omitted).

## DISCUSSION

There are three primary issues with Ms. Crane's Complaint. First, the Court cannot discern the nature of Ms. Crane's claims from her complaint. Second, to the extent that she also seeks to state claims on behalf of her business, JUSTINTIME, she cannot do so without counsel. Finally, venue does not appear proper in this district.

### A. Failure to State A Claim

Ms. Crane appears to allege that the City of Dunsmuir and various city officials interfered with her business. However, it is not clear what civil rights she alleges were violated and what actions were taken which allegedly violated her civil rights.

To state a claim under § 1983, a complaint "must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To adequately plead these elements, the complaint must identify what constitutional or other federal right each defendant violated, providing sufficient facts to plausibly support each purported violation. *See, e.g., Drawsand v. F.F. Props., L.L.P.*, 866 F. Supp. 2d 1110, 1121 (N.D. Cal. 2011) ("Aside from passing references to due process and equal protection, the Complaint fails to allege how [plaintiffs'] constitutional rights were violated and fails to identify each Defendant's role therein."); *Walsh v. Am. Med. Response*, No. 2:13-cv-2077 MCE KJN (PS), 2014 WL 2109946, at *7 (E.D. Cal. May 20, 2014) ("Before any claims may be found to be cognizable, plaintiffs must separate each specific claim they wish to pursue, identify which defendants relate to each particular claim, and identify the Constitutional right implicated by each claim.").

In addition, while municipalities are "persons" under Section 1983 and thus may be liable

United States District Court
Northern District of California

3

for causing a constitutional deprivation, a municipality may not be sued under Section 1983 solely because an injury was inflicted by its employees or agents. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690-91, 694 (1978). The entity is instead responsible only when execution of a government's policy or custom inflicts the injury. *Id.* To impose municipal liability under Section 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [s]he possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989)).

Ms. Crane's conclusory allegations regarding her right to run her business, the City's revocation of her license, refusal to issue permits, and denial of "DUE PROCESS" is insufficient to state a claim under Section 1983.

### B. JUSTINTIME Cannot Proceed Without Counsel

In addition, it appears that Ms. Crane seeks to bring this action on her own behalf and on behalf of her corporation JUSTINTIME; however, a corporation cannot proceed pro se (without an attorney). *See* N.D. Cal. Civ. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."); *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("a corporation may appear in the federal courts only through licensed counsel"). Accordingly, JUSTINTIME cannot proceed with this action without being represented by an attorney.

### C. Venue

Finally, it does not appear that venue is proper in this district. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. A district court may raise the issue of venue on its own motion. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (affirming sua sponte dismissal for improper venue). In general, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, all of the parties reside in Dunsmuir, California which is in Siskiyou County in the Eastern District of California. Generally, where a case is filed in the wrong venue, the district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice." 28 U.S.C. § 1406(a).

## CONCLUSION

For the reasons set forth above, Ms. Crane's complaint fails section 1915 review. Ms. Crane may file an amended complaint within 30 days; her amended complaint must identify her claims and include a plain statement of facts in support and shall allege facts which support venue in this District. Further, to the extent that Ms. Crane seeks to bring an action on behalf of her company JUSTINTIME she is reminded that a corporation cannot be represented by a non-attorney and thus she will need to find an attorney to represent the corporation or proceed solely on behalf of herself without an attorney.

If Ms. Crane does not respond to this Order or if Ms. Crane's amended complaint fails to state a claim or seeks to plead a claim on behalf of her business JUSTINTIME without an attorney having made an appearance to represent the company, the Court may prepare a report and recommendation recommending that a district judge dismiss her complaint. Likewise, if Ms. Crane fails to plead facts which establish that venue is proper in this district the Court may issue a report and recommendation that the action be dismissed or transferred to the Eastern District of California because venue is not proper in the Northern District of California.

The Court encourages Ms. Crane to seek free assistance from the Northern District's Legal Help Center. Due to ongoing COVID concerns, Ms. Crane can make an appointment for a

telephone appointment by calling (415) 792-8982.

**IT IS SO ORDERED.**

Dated: November 16, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge