UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODI L. CRANE, | No. 2:21-cv-00022-TLN-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| CITY OF DUNSMUIR et al., | |
| Defendants. | |

Plaintiff is proceeding in forma pauperis in this action pursuant to 28 U.S.C. § 1915. (ECF No 4.) Currently before the court is defendants' motion to dismiss plaintiff's first amended complaint. (ECF No. 22.) For the reasons below, the court will grant the motion.

I.   **INTRODUCTION**

Plaintiff filed this civil rights action against the City of Dunsmuir and various city officials in the Northern District of California. The Northern District granted plaintiff's request to proceed in forma pauperis, (ECF No. 4), and screened the original complaint pursuant to 28 U.S.C. § 1915. (ECF No. 9.)

In the screening order, the court identified three deficiencies in plaintiff's original complaint. First, the court found that the original complaint failed to state a claim for relief. Id. at 3. To state a claim for relief under 42 U.S.C. § 1983, a complaint must both (1) allege the

1

1  deprivation of a right secured by the federal constitution or statutory law, and (2) allege that the
2  deprivation was committed by a person acting under color of state law. Anderson v. Warner, 451
3  F.3d 1063, 1067 (9th Cir. 2006.) To plead these elements adequately, the complaint must identify
4  what constitutional or other federal right each defendant violated, providing sufficient facts to
5  make each purported violation plausible. See, e.g., Drawsand v. F.F. Props., LLP., 866 F.Supp.
6  2d 1110, 1121 (N.D. Cal. 2011). The court found that plaintiff's "conclusory allegations
7  regarding her right to run her business, the City's revocation of her license, refusal to issue
8  permits, and denial of 'due process' [was] insufficient to state a claim under section 1983.
9       Second, the court found that, to the extent plaintiff sought to bring an action on behalf of
10 her corporation "Justintime," she could not do so without counsel. See Rowland v. California
11 Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993); see also E.D. Cal.
12 L.R. 183(a) ("A corporation or other entity may appear only by an attorney.").
13      Third, the court noted that venue appeared to be imporper in the Northern District of
14 California and may need to be transferred to the Eastern District of California. (ECF No. 9 at 4-
15 5.)
16      The court dismissed the original complaint but granted plaintiff leave to amend. Plaintiff
17 was ordered that the amended complaint "must identify her claims and include a plain statement
18 of facts in support" and that she must retain an attorney if she wishes to proceed with the action
19 on behalf of the corporation. Id. at 5. Plaintiff was also instructed to allege facts to support
20 venue in the Northern District, and was cautioned that the failure to amend as ordered may result
21 in a recommendation that the action be dismissed. Id.
22      Plaintiff filed an amended complaint, (ECF No. 15), and shortly thereafter, the court
23 issued an order transferring this case to the Eastern District of California. (ECF No. 19.)
24      On January 6, 2021, defendants filed a motion to dismiss plaintiff's first amended
25 complaint, which was set for oral argument on February 10, 2020. (ECF No. 22.) Plaintiff failed
26 to oppose the motion, and as such, this court vacated oral argument.[1] (ECF No. 24); see E.D.

27 ─────────────────
28 [1] On January 12, 2021, the Eastern District mailed new civil case documents to plaintiff's address on file, but the mail was returned as undeliverable. Pro se parties, like attorneys, are under a

1  Local Rule 230(c) ("No party will be entitled to be heard in opposition to a motion at oral
2  arguments if opposition to the motion has not been timely filed by that party.").
3  This court now considers defendants' motion to dismiss.

## II.  LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). A dismissal may be warranted where there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court will not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 676. A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

In ruling on such a motion, the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if

---

continuing duty to notify the Clerk and all other parties of a change of address.  E.D. Local Rule 183(f).  Absent such notice, service of documents at the prior address of the party is fully effective.  Id.

their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001). The court may also consider matters properly subject to judicial notice. Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007).

**III.   DISCUSSION**

As the Northern District noted in the transfer order, "[t]he facts and allegations of [p]laintiff's amended complaint, like her prior complaint, are difficult to discern." (ECF No. 19.) Plaintiff appears to allege that the City of Dunsmuir, City Manager Todd Juhasz, Fire Chief Daniel Padilla, and Mayor Jiliana Lucchessi, violated her rights under the Fifth and Fourteenth Amendments by taking her property without due process. (ECF No. 15 at 3.2) As a result, plaintiff's business was forced to close and she has lost her right to earn a living and all means of support. (ECF No. 15-2 at 2.)

Although plaintiff has more clearly identified the constitutional right that each defendant allegedly violated, the amended complaint does not contain sufficient factual allegations to make the claims plausible. First, plaintiff has not alleged factual matter that could plausibly give rise to liability against the City. A municipality may not be sued under section 1983 solely because an injury was inflicted by its employees or agents. Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690-91, 694 (1978). The entity is instead responsible only when execution of a government's policy or custom inflicts the injury. Id. To impose municipal liability under Section 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [s]he possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting City of Canton v. Harris, 489 U.S. 378, 389-91 (1989)). Here, plaintiff appears to seek to hold the City liable for the actions of its employees. She does not identify any policy that plausibly supports liability against the City.

Second, plaintiff has not alleged sufficient facts to make her claims against the city officials plausible. She appears to allege that defendants conspired to deny her due process rights

4

after a building inspector falsified a report deeming her business a "danger." (ECF No. 15 at 3.2.) But a city employee's denial of building permits does not amount to a constitutional violation. See City of Cuyahoga Falls v. Buckeye Cmty. Hope Found., 538 U.S. 188, 198 (2003). And plaintiff's allegations that the city officials falsified their reports are conclusory. Plaintiff fails to allege support facts that make her conclusory statements plausible.

Finally, plaintiff still includes her company, "Justintime," as a co-plaintiff, even though an attorney has not yet made an appearance on the company's behalf. As the Northern District noted, "[a] corporation or other entity may appear only by an attorney." E.D. Cal. L.R. 183(a); see Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993). Accordingly, plaintiff's amended complaint fails to cure the deficiencies of the original.

## IV. LEAVE TO AMEND

"A district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); see also Gardner v. Marino, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Here, plaintiff may be able to cure the deficiencies in the complaint by alleging additional facts addressed above, or by retaining an attorney to represent her corporation. Thus, the amended complaint will be dismissed without prejudice and with leave to amend.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's amended complaint (ECF No. 15) is dismissed without prejudice. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, the Eastern District's Local Rules, and the terms of this order. The amended complaint must bear the Eastern District docket number assigned to this case and must be labeled "Second Amended Complaint." Failure to file an amended complaint that cures the deficiencies set forth in this order may result in a recommendation that this action be dismissed.

Dated: February 5, 2021

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE