UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODI L. CRANE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF DUNSMUIR et al.,<br><br>Defendants. | No. 2:21-cv-00022-TLN-CKD PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Jodi Crane proceeds pro se in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff alleges violations of her constitutional rights in connection with the closure of her business. She names as defendants the City of Dunsmuir and three city officials. Defendants' motion to dismiss the second amended complaint came on regularly for hearing on April 28, 2021. Plaintiff appeared pro se; attorney Melissa Currier appeared on behalf of defendants.

Having thoroughly considered the operative complaint, the parties' written and oral arguments, and the full court record in this matter, the undersigned recommends the motion to dismiss be granted and the second amended complaint be dismissed. The undersigned further recommends that plaintiff be granted leave to file an amended complaint attempting to state a valid claim against defendant Juhasz, but that the other named defendants be dismissed from the case without further leave to amend.

////

1

## I. PROCEDURAL BACKGROUND

Plaintiff originally filed this civil rights action in the United States District Court for the Northern District of California. On November 16, 2020, the court screened the complaint and found the complaint did not state a cognizable claim for relief. The court dismissed the complaint with leave to amend. On December 16, 2020, plaintiff filed an amended complaint. On January 4, 2021, the case was transferred to this court.

Defendants successfully moved to dismiss the first amended complaint. Plaintiff was granted leave to file a second amended complaint. Plaintiff filed a second amended complaint on March 8, 2021. (ECF No. 28.)

Defendants moved to dismiss the second amended complaint (hereinafter "SAC"). (ECF No. 29.) Plaintiff opposed the motion and defendants filed a reply. (ECF Nos. 30, 31.)

## II. LEGAL STANDARD FOR A MOTION TO DISMISS

Dismissal under Rule 12(b)(6) may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). The court will not, however, assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

"[R]ecitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a valid claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a valid claim for relief, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim that is plausible on its face has sufficient factual content to allow a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

Courts of this circuit recognize their duty "to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." Balistreri, 901 F.2d at 699. As such, the pleadings of pro se litigants "are liberally construed, particularly where civil rights claims are involved." Id. However, a court's "liberal interpretation of a civil rights complaint may not supply essential elements of [a] claim that were not initially pled." Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Thus, a pro se plaintiff's complaint which offers only "vague and conclusory allegations of official participation in civil rights violations" does not state a claim "sufficient to withstand a motion to dismiss." Id.

## III. DISCUSSION

### A. ALLEGATIONS IN THE SAC

Plaintiff's allegations remain somewhat difficult to discern. It appears that plaintiff operated a retail store located at 4737 Dunsmuir Avenue. In June of 2020, her business license was due for renewal. Plaintiff sent the required documents and funds for renewal, but "all monies [were] held from 6/10/20 [until] 7/22/2" (ECF No. 28 at 4) and her license expired on June 30, 2020.[1] Defendant Juhasz then ordered the building inspector not to inspect the building. (ECF No. 28 at 4, 14.)

Subsequently, defendant Padilla, the fire chief, deemed the commercial building in which the business was located to be a danger. This determination was based on a false report of a violation involving the use of a generator. Plaintiff alleges defendant Juhasz shut down the building without following proper procedures and without giving plaintiff notice or a hearing. Plaintiff's locks were cut and replaced with the city's locks. She was barred from being on the property and threatened with arrest by law enforcement if she came to the property. Plaintiff has $89,000 worth of retail goods inside the building which she has been unable to access since being locked out of the building. (ECF No. 28 at 4, 14.)

////

---

[1] The reasons for the expiration or non-renewal of the business license remain unclear.

3

Plaintiff alleges that defendants unlawfully conspired against her, seized her property, and violated her due process rights. She seeks damages and a writ of possession as to the building and her property inside. (ECF No. 6, 16.) As she did in prior complaints, plaintiff names as defendants the City of Dunsmuir, Mayor Juliana Lucchessi, City Manager Todd Juhasz, and Fire Chief Daniel Padilla.

### B. DEFENDANTS' MOTION TO DISMISS

Defendants move to dismiss the SAC on the following grounds:

> (1) The SAC fails to state facts sufficient to state a cognizable claim against any defendant, and because plaintiff has already been afforded multiple opportunities to amend, the SAC should be dismissed without further leave to amend;
>
> (2) The due process [claim] contained in the SAC pursuant to 42 U.S.C. is legally invalid against the City of Dunsmuir, and should be dismissed without leave to amend;
>
> (3) To the extent Plaintiff attempts to bring a due process claim pursuant to the Fifth Amendment, the claim is legally invalid as none of the individual Defendants are federal employees;
>
> (4) The individual Defendants are entitled to qualified immunity, and the SAC should be dismissed without leave to amend.

(ECF No. 29 at 2.)

### C. SECTION 1983 STANDARDS

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) the deprivation of a right secured by the federal Constitution or statutory law, and (2) that the alleged deprivation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the

deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44.

### D. CLAIMS AGAINST THE CITY SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

As plaintiff was previously cautioned, a section 1983 claim against the City must be premised on a policy or custom that allegedly inflicted the injury. See Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690-91, 694 (1978); Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting City of Canton v. Harris, 489 U.S. 378, 389-91 (1989)). Even though municipalities may be held liable for section 1983 violations, a plaintiff may not hold a local government unit vicariously liable for the constitutional torts of its employees. Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 403 (1997). Instead, through what has been termed a Monell claim, a plaintiff "seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Id. Municipal liability in a § 1983 case may be premised upon: (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy;" or (4) where "an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate." Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008).

Here, plaintiff does not allege the existence of a policy or custom that caused the alleged deprivation. Plaintiff has not stated a valid Monell claim against the City. See Price, 513 F.3d at 966. The undersigned will recommend defendants' motion to dismiss be granted without leave to amend as to plaintiff's claims against the city.

### E. OTHER CLAIMS FOR WHICH FURTHER LEAVE TO AMEND WOULD BE FUTILE

Defendants assert the Fifth Amendment is inapplicable because plaintiff does not allege the involvement of a federal actor. To the extent any claim is brought under the Fifth Amendment, defendants request dismissal of that claim. (ECF No. 29 at 2; ECF No. 29-1 at 7.)

Defendants' motion should be granted on this point. See Betts v. Brady, 316 U.S. 455, 462 (1942).

In addition, the SAC does not state a valid claim for "discrimination" or conspiracy. Plaintiff concludes she was discriminated against by defendants yet fails to allege any facts to show on what basis the discrimination allegedly occurred. Plaintiff similarly alleges defendants conspired to keep her business closed but does not allege any specific facts suggesting defendants engaged in a conspiracy to deprive her of her rights. See Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989) (holding that in order to state a claim for conspiracy under section 1983, a plaintiff must allege "specific facts to support the existence of the claimed conspiracy"). Plaintiff's allegations that the city officials discriminated against her in a conspiracy to keep her business closed do not support a plausible claim for relief. The undersigned will recommend defendants' motion to dismiss be granted without further leave to amend as to plaintiff's claims premised on general discrimination and conspiracy.

### F. CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

Defendants assert that plaintiff's allegations remain too conclusory to state a valid claim against the city officials. Defendants note the court's previous order found plaintiff failed to allege sufficient facts to make her claims against the individual defendants plausible. Defendants argue the same defects are present in the SAC. (ECF No. 29-1 at 6.)

Defendants assert plaintiff fails to allege a potential constitutional violation by Mayor Lucchessi, whom plaintiff alleges sent her an email and generally discriminated against her. (Id. at 4, 12.) These facts are insufficient to state a valid claim. The undersigned will recommend the motion to dismiss be granted as to plaintiff's claims against defendant Lucchessi and that such claims be dismissed without further leave to amend.

Defendants argue the claims in the SAC against City Manager Juhasz and Fire Chief Padilla rest on the same conclusory allegations as previous pleadings—that plaintiff's business was "deemed a danger" without the "due process" of a building inspection, and that Juhasz and Padilla discriminated against her by conspiring to violate her right to due process and force her business to close. (ECF No. 29-1 at 6, quoting ECF No. 28 at 4.) Defendants argue these

allegations are insufficient to identify either defendant's role in any alleged constitutional violation. The undersigned agrees plaintiff's allegations against defendant Padilla for the alleged false violation fail to state a valid claim and that further leave to amend would be futile. As set forth below, however, the undersigned will recommend plaintiff be given leave to file a third amended complaint attempting to state a valid claim against defendant Juhasz.

### 1. FOURTH AMENDMENT

The SAC alleges plaintiff's property inside the building was unlawfully seized. Fourth Amendment protection against unreasonable searches and seizures applies in the civil context. Soldal v. Cook Cty., Ill., 506 U.S. 56, 67 (1992). In addition, "[t]he Fourth Amendment applies to commercial premises as well as to private homes." Tucson Woman'Fifs Clinic v. Eden, 379 F.3d 531, 550 (9th Cir. 2004) (quoting United States v. Argent Chem. Labs., Inc., 93 F.3d 572, 575 (9th Cir. 1996).

"A seizure is a 'meaningful interference with an individual's possessory interests in her property." Brewster v. Beck, 859 F.3d 1194, 1196 (9th Cir. 2017); Soldal, 506 U.S. at 61. "A seizure conducted without a warrant is per se unreasonable under the Fourth Amendment— subject only to a few specifically established and well delineated exceptions." Soldal, 506 U.S. at 67 (citation omitted); see also U.S. v. Place, 462 U.S. 696, 701 (1983).

Defendants argue plaintiff merely concludes the commercial building was seized without any legal procedures. Defendants argue the SAC fails to coherently explain how she had any right to the property at issue, how the property was seized, or allege any facts to support her conclusion that the individual defendants were involved in the seizure. (ECF No. 29-1 at 6.)

In order to assert a Fourth Amendment claim premised on the unreasonable seizure of property, an individual must, indeed, have a proprietary or possessory interest in that property. Brown v. United States, 411 U.S. 223, 229 (1973)). The facts alleged in the SAC permit an inference that plaintiff had some type of possessory interest in the property. In addition, the SAC alleges a meaningful interference with plaintiff's possession of her personal property inside the building. Since plaintiff's locks were cut and replaced with city locks, plaintiff has been unable to access her property inside the building and risks arrest if she goes there. Although plaintiff does

not specifically allege her property has been seized without a warrant, she alleges she was locked out of the building without being contacted, without a "citation" or "letter of seizure" and without an inventory. (ECF No. 28 at 4, 5, 7, 14.)

In addition, plaintiff has alleged facts suggesting that defendant Juhasz may be personally responsible in that he directed that plaintiff's locks be cut, after which they were replaced with city locks. Plaintiff further alleges defendant Juhasz is responsible to the extent he ordered she not be allowed on the property. (ECF No. 28 at 4, 14.)

Although it is being recommended the motion to dismiss the SAC be granted, it is further recommended plaintiff be granted leave to file a third amended complaint attempting to state a valid claim against defendant Juhasz. If these findings and recommendations are adopted by the district judge and plaintiff elects to file a third amended complaint, she should focus on including the "who, what, when, and how" of what happened that led to her being locked out of the building, to the best of her knowledge.[2]

## 2. FOURTEENTH AMENDMENT

The SAC alleges a violation of due process. "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV § 1. A section 1983 claim based upon procedural due process has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government, and (3) lack of

---

[2] Plaintiff appears to allege, and argued at the hearing on this matter, that she was never given any justification, whether true or false, adequate or inadequate, for her locks being cut and replaced. It seems that there might be additional facts plaintiff could plead to put her claim(s) in context and to give them facial plausibility. For example, plaintiff alleges there was, initially, a "false" building violation, but she does not identify what type of "violation" it was, how and when she received notice of the violation, what actions she took to attempt to communicate with any city official about the violation, or what response plaintiff was given. Additionally, the allegation of a false building violation is somewhat inconsistent with her allegation that she received no "citation" or "notice" regarding the building closure. More factual context is needed in order to state a valid claim for relief. In addition, for example, plaintiff alleges Mayor Lucchessi sent her an email. This allegation suggests the contents of the email pertained to the allegations in the SAC, but plaintiff does not state what the email said. In any third amended complaint plaintiff may file, she may not plead claims against any dismissed defendants, however, plaintiff may include factual allegations pertaining to communications with dismissed defendants if those allegations will help to put her claims in factual context.

process. Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993). If a constitutionally protected liberty or property interest exists, then the government must generally provide the deprived individual due process in the form of notice and an opportunity to respond. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985).

Construing the SAC liberally, the allegations permit an inference that plaintiff has some type of property interest in the commercial building. Plaintiff further alleges she was deprived of her personal property in the form of the retail goods inside the building when defendant Juhasz ordered her locks cut. Plaintiff alleges this occurred without prior notice and without an opportunity to be heard either before or after the deprivation. (ECF No. 28 at 4, 14.)

Defendants argue the SAC is not clear as to what legal procedures plaintiff was allegedly entitled to and at what point, on what basis the defendants were required to initiate the procedures, or in what manner plaintiff was denied access to any particular procedure. Defendants note the SAC lists a number of city ordinances which plaintiff claims were not applied to her. Defendants argue plaintiff fails to explain the content of the ordinances, how they are relevant, why they should have applied to her, or in what manner the alleged failure to apply the ordinances resulted in a constitutional violation. (ECF No. 29-1 at 6-7.)

In order to state a procedural due process claim, a plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003); see Bd. of Regents v. Roth, 408 U.S. 564, 569-70 (1972). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Matthews v. Eldridge, 424 U.S. 319, 333 (1976). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." Id. at 334.

Defendants do not cite any authority, however, for the proposition that, in order to state a valid claim, plaintiff must identify the specific procedures to which she was entitled as well as at what point or in what manner. Although the procedures pursuant to which the alleged deprivation occurred remain unclear, the undersigned finds it cannot be said that further leave to amend would be futile as to a procedural due process claim. See Gates v. Alameda Cty. Sheriff's Dep't,

No. C-12-1429 EMC, 2012 WL 3537040, at *8 (N.D. Cal. Aug. 14, 2012) (finding a due process claim sufficiently well pled to survive a Rule 12(b)(6) motion to dismiss where facts alleged provided "few details of the procedures used"); see also Mitchell v. City of Los Angeles, No. CV16-01750 SJO GJSX, 2016 WL 11519289, at *3 (C.D. Cal. May 6, 2016) (holding the plaintiffs stated a valid procedural due process claim based on seizing property from homeless people pursuant to a municipal ordinance and then storing it in places that were difficult to access).

As set forth, the SAC alleges defendant Juhasz may be personally involved in that he directed the cutting of plaintiff's locks and her removal from the building. Although it is being recommended the motion to dismiss be granted, it is further recommended plaintiff be granted leave to file a third amended complaint attempting to state a procedural due process claim.

### G. QUALIFIED IMMUNITY

Defendants assert they are entitled to qualified immunity to the extent the SAC pleads facts involving the individual defendants' liability for the denial of a building inspection. Defendants argue qualified immunity is warranted because a reasonable city official would not understand the decision not to inspect a building could be unlawful. (ECF No. 29-1 at 8.) The undersigned finds the SAC fails to state a claim based on the denial of a building inspection. Accordingly, whether defendants would be entitled to qualified immunity for that alleged conduct need not be determined.

### H. GUIDELINES FOR A FURTHER AMENDED COMPLAINT IN THE EVENT THESE FINDINGS AND RECOMMENDATIONS ARE ADOPTED

It bears repeating that if these findings and recommendations are adopted by the district judge, and if plaintiff thereafter files a third amended complaint, she should focus on stating the facts of what happened, to the best of her knowledge, in chronological order and using plain language. In addition, while plaintiff may identify her legal claims, she should avoid reliance on legal conclusions or statements of the law when setting forth the facts of what happened. In the event these findings and recommendations are adopted, plaintiff shall not include in any third amended complaint claims against defendants who have been dismissed without leave to amend.

10

## IV. CONCLUSION

Plaintiff has been granted leave to amend on two prior occasions in this case. The undersigned finds plaintiff may be able to state a valid federal claim only against defendant Juhasz. It does not appear that further leave to amend would facilitate plaintiff to state valid federal claims against the City of Dunsmuir, defendant Lucchessi, or defendant Padilla. See Gardner v. Marino, 563 F.3d 981, 990 (9th Cir. 2009) (a district court should grant leave to amend unless doing so would be futile).

Accordingly, IT IS RECOMMENDED:

1. Defendants' motion to dismiss (ECF No. 29) be granted in part and denied in part;
2. Defendants' motion to dismiss be denied to the extent that plaintiff be granted leave to file a third amended complaint naming defendant Juhasz within 30 days after any order adopting these findings and recommendations; in all other respects as set forth herein the motion to dismiss be granted; and
3. All claims against defendants Lucchessi, Padilla and the City of Dunsmuir be dismissed without further leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 29, 2021

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Crane17cv0022.mtdSAC