UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODI L. CRANE,<br><br>         Plaintiff,<br><br>    v.<br><br>CITY OF DUNSMUIR et al.,<br><br>         Defendants. | No. 2:21-cv-0022-TLN-CKD PS<br><br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 27) |

Plaintiff Jodi Crane proceeds pro se in this civil rights action under 42 U.S.C. § 1983. Defendant's motion to dismiss the third amended complaint is before the court. (ECF No. 40.) This matter is appropriate for decision without oral argument. See Local Rule 230(g). For the reasons set forth, the undersigned recommends the court grant the motion and dismiss the third amended complaint without further leave to amend.

**I.    PROCEDURAL BACKGROUND**

Plaintiff originally filed this civil rights action in the United States District Court for the Northern District of California. On November 16, 2020, the Northern District screened the complaint and found the complaint did not state a cognizable claim for relief. Plaintiff filed an amended complaint on December 16, 2020. On January 4, 2021, the case was transferred to this court.

////

Following two rounds of motions to dismiss in this court, plaintiff now proceeds only against defendant Todd Juhasz, Dunsmuir City Manager, in a third amended complaint filed on August 6, 2021. (ECF No. 39.) On August 23, 2021, defendant moved to dismiss the third amended complaint. (ECF No. 40.) Plaintiff has filed an opposition to the motion. (ECF No. 46.) Defendant filed a reply. (ECF No. 49.)

## II.    LEGAL STANDARD FOR A MOTION TO DISMISS

Dismissal under Rule 12(b)(6) may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

"[R]ecitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a valid claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a valid claim for relief, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim that is plausible on its face has sufficient factual content to allow a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

Courts of this circuit recognize their duty "to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." Balistreri, 901 F.2d at 699. As such, the pleadings of pro se litigants "are liberally construed, particularly where civil rights claims are involved." Id. However, a court's "liberal interpretation of a civil rights complaint may not supply essential elements of [a] claim that were not initially pled." Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). In addition, the court will not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). Thus,

a pro se complaint which offers only "vague and conclusory allegations of official participation in civil rights violations" does not state a claim "sufficient to withstand a motion to dismiss." Id.

### III. DISCUSSION

#### A. ALLEGATIONS IN THE THIRD AMENDED COMPLAINT

Plaintiff operated a retail store located at 4737 Dunsmuir Avenue. In June of 2020, plaintiff's business license was due for renewal. (ECF No. 39 at 6.)

On June 4, 2020, plaintiff mailed funds for permit fees and renewal of the business license. (ECF No. 39 at 6.) On June 10, 2020, plaintiff went to city hall and was informed that she was being denied the necessary permits to operate the business. (Id.)

On June 14, 2021, plaintiff was charged in Siskiyou County with "failure to correct or eliminate fire or life hazard[.]" (ECF No. 39 at 12.) Plaintiff alleges this charge was false. (Id.)

On June 15, 2020, plaintiff attempted to visit defendant to discuss her business license and permits but was told he was unavailable. (ECF No. 39 at 6-7.) On June 22, 2020, plaintiff received a letter from defendant stating the city would not issue plaintiff a business license for a business in a building that had been "red-tagged" as unsafe and deemed a danger. (Id. at 7.) The letter stated "You may not live or work in the structure and must contact the city's building inspector. The funds you submitted for your renewal are included herein." (Id.)

On July 5, 2020, plaintiff attended a meeting at City Hall and brought up the issue. (ECF No. 39 at 9-10.) Defendant stated he was closing plaintiff's store and locking plaintiff out due to nine months of complaints. (Id. at 10.) Plaintiff told defendant she had not received a copy of "the complaint" and that she had not been heard on the matter. (Id.) Defendant responded that plaintiff's store would remain closed. (Id.)

On July 8, 2020, defendant ordered a "building deemed dangerous" sign posted outside of plaintiff's business. (ECF No. 39 at 5.) Plaintiff's locks were cut and replaced with city locks. (Id. at 10.) Sheriff's deputies escorted plaintiff from her property and told her she risked incarceration if she returned. (Id. at 5.) Since then, she has not been allowed access to the building or to her property that remains in the building. Plaintiff seeks damages. (Id. at 12-13.)

////

**B.     DEFENDANT'S MOTION TO DISMISS**

Defendant moves to dismiss the third amended complaint. (ECF No. 40-1.) Defendant argues the allegations fail to state a claim under the Fourth and Fourteenth Amendments. Defendant further asserts he is entitled to qualified immunity for denying plaintiff access to the building during times when she did not have a valid permit.

**C.     SEIZURE**

Fourth Amendment protection against unreasonable searches and seizures applies to commercial premises. Tucson Woman Clinic v. Eden, 379 F.3d 531, 550 (9th Cir. 2004) (quoting United States v. Argent Chem. Labs., Inc., 93 F.3d 572, 575 (9th Cir. 1996)); Soldal v. Cook Cty., Ill., 506 U.S. 56, 67 (1992). To decide whether a warrantless seizure was "reasonable," a court balances "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." United States v. Place, 462 U.S. 696, 703 (1983).

"A seizure is a 'meaningful interference with an individual's possessory interests in her property." Brewster v. Beck, 859 F.3d 1194, 1196 (9th Cir. 2017); Soldal, 506 U.S. at 61. Taking the factual allegations in the most favorable light, defendant interfered with possessory interests in plaintiff's property by allegedly directing that she be locked out of the building. Such conduct triggers the Fourth Amendment's reasonableness requirement. Lavan v. City of Los Angeles, 693 F.3d 1022, 1030 (9th Cir. 2012).

Defendant argues the allegations in the third amended complaint are too conclusory to be plausible because plaintiff fails to explain how she has any personal knowledge that her locks were cut and replaced at defendant's direction. (ECF No. 40-1 at 7.) However, plaintiff specifically alleges that when she went to City Hall, defendant stated he was closing the store and locking plaintiff out. (ECF No. 39 at 10.)

Citing no authority, defendant also argues plaintiff fails to have a valid possessory interest in the property at the time of the alleged seizure because she admits the building was red-tagged and she did not have a permit to operate the business. (ECF No. 40-1 at 7.) In the absence of any authority cited, the undersigned declines to find these facts negated plaintiff's possessory interest

in accessing the building as well as her personal property allegedly inside the building.

It remains unclear what municipal procedures were utilized here. However, considering the new facts alleged in the third amended complaint, this is not a situation where plaintiff plausibly alleges a lack of meaningful opportunity to retrieve her property prior to the seizure such that it was unreasonable.

Under plaintiff's allegations, she was on notice that she was being denied the necessary business permits to operate her store as of June 10, 2020. On June 22, 2020, plaintiff received written notice that the city would not issue a business license for the store because the building had been deemed to be a danger. Plaintiff was notified she could not live or work in the structure and was directed to contact the city's building inspector. Plaintiff does not allege whether she contacted the building inspector as directed. More than a month after plaintiff was on notice the business license would not be issued and more than two weeks after she received written notice that she could not live or work in the building, defendant allegedly directed plaintiff to be locked out. Under these facts, plaintiff had almost three weeks to access and, if necessary, remove any property from inside the building. Cf. Lavan, 693 F.3d at 1030 (a municipality seizes a person's property unreasonably if it destroys the property before giving its owner a meaningful opportunity to retrieve it). Unlike in Lavan, the facts alleged fail to state a plausible claim for an unreasonable seizure.

**B.    DUE PROCESS**

"No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV § 1. A claim under 42 U.S.C. § 1983 based upon procedural due process has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government, and (3) lack of process. Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993); see also Bd. of Regents v. Roth, 408 U.S. 564, 569-70 (1972); Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003).

"[D]ue process is flexible and calls for such procedural protections as the particular situation demands." Matthews v. Eldridge, 424 U.S. 319, 334 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a

meaningful manner.'" Id. at 333. "The essential requirements of due process… are notice and an opportunity to respond." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985).

Here, the facts alleged do not support a plausible conclusion that plaintiff was deprived of an opportunity to be heard at a meaningful time and in a meaningful manner. First, plaintiff received a letter from defendant giving notice that the city would not issue her a business license to operate a business in a building that had been "red-tagged" as unsafe. (ECF No. 39 at 7.) Second, the letter instructed plaintiff to "contact the city's building inspector" to follow up on the issue. (Id.) Third, plaintiff attended a meeting at City Hall and brought up the issue, although defendant told her the store would remain closed. (Id. at 9-10.)

Under these facts, plaintiff received both notice and an opportunity to respond. See Cleveland Bd. of Educ., 470 U.S. at 546. Plaintiff's contrary allegations that she received no notice or citation regarding the building closure are plainly contradicted by the allegation that she received the above-described letter from defendant as well as the allegation that she was charged with a false building violation in Siskiyou County on June 14, 2021 for "failure to correct or eliminate fire or life hazard." (ECF No. 39 at 12.) While plaintiff is not satisfied with the outcome of her attempts to dispute the closure of the building, this dissatisfaction does not show a due process violation. In addition, while it remains unclear exactly what municipal procedures were used here, the facts alleged do not plausibly show the deprivation of any additional procedures to which plaintiff was entitled but denied.

In sum, plaintiff's use of labels and conclusions stating she was denied due process cannot suffice to state a claim. See Twombly, 550 U.S. at 555. The third amended complaint still lacks adequate facts to plausibly state a procedural due process claim.

### C. CONCLUSION

The order granting defendant's motion to dismiss plaintiff's second amended complaint granted leave to amend only the claims for a violation of the Fourteenth Amendment due process and Fourth Amendment unlawful seizure. (See ECF Nos. 33, 38.) Plaintiff does not have leave to present or amend claims premised on general discrimination, conspiracy, deliberate indifference, or other causes of action.

Despite notice of the complaint's deficiencies and three opportunities to amend, plaintiff remains unable to state a proper claim for relief. It clearly appears that further leave to amend would not facilitate plaintiff to state a valid federal claim against defendant. See Gardner v. Marino, 563 F.3d 981, 990 (9th Cir. 2009) (a district court should grant leave to amend unless doing so would be futile). Therefore, this action should be dismissed, without further leave to amend, for failure to state a claim. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

In accordance with the above, IT IS RECOMMENDED:

1. Defendant's motion to dismiss (ECF No. 40) be granted and plaintiff's complaint be dismissed without further leave to amend; and
2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 14, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Crane21cv22.mtd3AC